1
2
3
4
5
6

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

7

Attorneys for Plaintiffs

8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18

| | |
|---|---|
| **Nehemiah Kong**, <br><br> Plaintiff, <br><br> v. <br><br> **TMO Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

19
20
21

Plaintiff Nehemiah Kong complains of Defendants TMO Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

22
23

**PARTIES:**

24
25
26
27

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who suffers from Polio. He uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van.

28

2. Defendant TMO Inc., was the real property owner and business owner

Complaint

for the El Sombrero Restaurant ("Restaurant") located at or about 3550 Santa Anita Ave, El Monte, California, in August 2015.

3.  Defendant TMO Inc., is the real property owner and business owner for the El Sombrero Restaurant ("Restaurant") located at or about 3550 Santa Anita Ave, El Monte, California, currently.

4.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

8.   The Plaintiff went to Restaurant in August 2015 to eat.

9.   The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

10. Parking spaces are one of the facilities, privileges and advantages offered by defendants to their customers at the Restaurant.

11. Unfortunately, there was not a single compliant, van-accessible parking space in the parking lot for use by persons with disabilities that complies with the Americans with Disability Act Accessibility Guidelines (ADAAG) in August 2015.

12. Unfortunately, there is not a single compliant, van-accessible parking space in the parking lot for use by persons with disabilities that complies with the ADAAG currently.

13. The two parking spaces located in front of the Restaurant that are designed and marked for use by persons with disabilities each measure 96 inches in width. They share an access aisle that is 60 inches in width. This is not van accessible.

14. On information and belief, plaintiff alleges that defendants had a van-accessible parking space at some point before August 2015.

15. Unfortunately, the defendants have no policy or procedure in place to maintain its parking spaces so that parking spaces remain compliant and useable for persons with disabilities who drive vans.

16. In addition to the parking spaces located directly in front of the Restaurant, there are other parking spaces reserved for persons with disabilities in the shopping center located next door to the Restaurant.

17. Because of the distance of the nearest van-accessible parking space in the other parking lots, it cannot be said that the van-accessible parking space serves the Restaurant.

Complaint

18. In fact, the parking spaces in the rest of the shopping center, do not serve the Restaurant.

19. The plaintiff personally encountered this problem.

20. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty and frustration.

21. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations.

22. Plaintiff lives about 20 minutes from the Restaurant.

23. He would like to return and will return once the violations are fixed.

24. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

25. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

26. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

Complaint

1

2  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

3  **WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all

4  defendants (42  U.S.C. section 12101, et seq.)

5     27. Plaintiff repleads and incorporates by reference, as if fully set forth

6  again herein, the allegations contained in all prior paragraphs of this

7  complaint.

8     28. Under the ADA, it is an act of discrimination to fail to ensure that the

9  privileges, advantages, accommodations, facilities, goods and services of any

10 place of public accommodation is offered on a full and equal basis by anyone

11 who owns, leases, or operates a place of public accommodation. See 42

12 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

13          a. A failure to make reasonable modifications in policies, practices,

14             or procedures, when such modifications are necessary to afford

15             goods,    services,    facilities,    privileges,    advantages,    or

16             accommodations to individuals with disabilities, unless the

17             accommodation would work a fundamental alteration of those

18             services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

19          b. A failure to remove architectural barriers where such removal is

20             readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

21             defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

22             Appendix "D."

23          c. A failure to make alterations in such a manner that, to the

24             maximum extent feasible, the altered portions of the facility are

25             readily accessible to and usable by individuals with disabilities,

26             including individuals who use wheelchairs or to ensure that, to

27             the maximum extent feasible, the path of travel to the altered

28             area and the bathrooms, telephones, and drinking fountains

Complaint

serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

29. Any public accommodation that provides parking spaces must provide handicap parking spaces in "each such parking area." 1991 Standards § 4.1.2(5); 2010 Standards § 208 ("each parking facility"). One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4. Here, there is a district parking area or facility at the Restaurant and it does not have any van accessible parking.

30. Moreover, the van parking at other parking lots in the shopping center cannot be considered parking that serves the Restaurant. Under the Access Standards, "At least one accessible route within the boundary of the site shall be provided from . . . accessible parking . . . to the accessible building entrance *they serve*." 1991 Standards § 4.3.2(1). Additionally, any parking that is deemed to serve a particular building must be located on an accessible route of travel to *that building*. 1991 Standards § 4.6.2 and 2010 Standards § 208.3.

31. Here, the parking in other areas, serving other buildings in the shopping center, are not located on an accessible route of travel to the Restaurant and cannot be claimed to serve disabled patrons desiring to patronize the Restaurant.

32. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

33. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

Complaint

34. Given its location and options, the Restaurant is a business that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

37. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

Complaint

1      3. Reasonable attorney fees, litigation expenses and costs of suit,

2  pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

3

4  Dated: September 29, 2015        CENTER FOR DISABILITY ACCESS

5

6                                  By: _____
                                   Mark Potter, Esq.

7                                  Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Complaint